IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jason Johnson, ) | |
| ) | |
|    Plaintiff, ) | Case No.: 16 cv 9824 |
| ) | |
|    v. ) | Judge John J. Tharp, Jr. |
| ) | |
| City of Chicago, Chicago Police Officers ) | |
| Peter Theodore, Star No.: 10523, Joseph ) | |
| Treacy, Star No.: 17619 and Rocco ) | |
| Pruger, Star No.: 15445, ) | |
| ) | |
|    Defendants. ) | |

**<u>AMENDED COMPLAINT</u>**

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Jason Johnson ("Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant Chicago Police Officer Peter Theodore was employed by the City of Chicago, and was acting under state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant Chicago Police Officer Rocco Pruger

1

was employed by the City of Chicago, and was acting under state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Defendant Chicago Police Officer Joseph Treacy was employed by the City of Chicago, and was acting under state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, Defendant Chicago Police Officer Rocco Pruger was employed by the City of Chicago, and was acting under state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

**FACTUAL ALLEGATIONS**

9. On or about April 25, 2016, Plaintiff was lawfully sitting in his vehicle at or around 1137 S. Francisco St., Chicago, Illinois.

10. Defendant Officers caused Plaintiff's car door to be opened. Plaintiff was forcefully pulled out of his vehicle.

11. Plaintiff was immediately handcuffed and searched.

12. Defendant Officers then proceeded to search Plaintiff's vehicle. No contraband was found.

13. Plaintiff was then transported to the 10th District Police Station where the Defendants fabricated a story to the effect that Plaintiff possessed narcotics.

14. There was no legal cause to detain, search plaintiff and/or his vehicle and to cause his arrest.

15. The Defendants then caused a criminal prosecution to commence against the Plaintiff.

16. On or about October 4, 2016, all charges against Plaintiff were terminated in Plaintiff's favor.

17. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, an unlawful incarceration, humiliation and indignities, and suffered great mental and emotional pain and suffering all in an amount to be ascertained.

18. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

## ILLEGAL SEARCH AND SEIZURE

**PLAINTIFF AGAINST ALL DEFENDANTS EXCEPT THE CITY OF CHICAGO**

20. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) as though fully alleged at this place.

21. By reason of the conduct by the individual Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

22. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendant violated the Plaintiff's rights in the following manner: the search and seizure of Plaintiff, as well as the search of his car, was without any legal cause.

23. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

## PLAINTIFF AGAINST ALL DEFENDANTS FOR THE SUPPLEMENTAL CLAIM OF MALICIOUS PROSECUTION

24. Plaintiff incorporates and re-alleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

25. The individual Defendants caused a criminal prosecution to commence and continue against Plaintiff.

26. The individual defendants, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

27. The individual Defendants initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false testimony, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

28. The criminal proceedings were terminated in the Plaintiff's favor on or about October 4, 2016.

29. The City of Chicago is liable to Plaintiff for the acts of the individual defendants, pursuant to the doctrine of *respondeat superior*.

30. Therefore, all Defendants are liable under the supplemental state law claim of Malicious Prosecution.

**WHEREFORE,** the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

> BY: s/ Edward M. Fox
> Edward M. Fox
> ED FOX & ASSOCIATES
> Attorneys for Plaintiff
> 300 West Adams
>  Suite 330
> Chicago, Illinois 60606
> (312) 345-8877
> efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

> BY: s/ Edward M. Fox
> Edward M. Fox
> ED FOX & ASSOCIATES
> Attorneys for Plaintiff
> 300 West Adams
>  Suite 330
> Chicago, Illinois 60606
> (312) 345-8877
> efox@efox-law.com